## Lyttle et al. v. Columbus Mining Co. et al.

(Decided Oct. 28, 1938.)

**146**

W. C. EVERSOLE for appellants.

W. W. REEVES and CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On July 12, 1920, a majority of the appellants, as heirs of Elijah Combs, Sr., filed this equity action against appellees, Columbus Mining Company and C. G. Bowman, in which the plaintiffs averred that they were owners of and in possession of a described tract of land in Perry county containing 150 acres and situated near the City of Hazard, Kentucky, and that defendants were claiming title to it, or a part of it, and threatening to take possession thereof and to commit trespasses thereon by mining coal thereunder and taking timber therefor. They sought to have their title quieted and to enjoin defendants from carrying out or continuing such threats. The case then went to sleep on the Perry circuit court docket and the petition at a later term of the court was dismissed; but that order was subsequently set aside. Following that, plaintiffs amended their petition by making other heirs, who had been omitted therefrom, parties thereto. They also filed other independent actions against other parties claiming that the defendants in the latter actions—who are also appellees here—had gone upon plaintiffs' land and had committed various trespasses thereon, and for which damages were sought against each trespasser, as well as the equity relief sought by the original and first petition.

The filing of the amended petitions and the independent actions extended over a long period. In the meantime defendants in the various actions by answer denied plaintiffs' title to the land described in their petition, and denied that they were asserting any title or interest to any land owned by them. It was then averred that defendant, Bowman, under whom the other defendants claimed whatever interest they had, was the owner of a described 170 acre tract of land, and that plaintiffs were slandering that title by claiming to own some or all of it, and by counterclaim they (defendants) asked for a quieting of their title thereto against plaintiffs.

The various suits were consolidated after issues made and depositions were taken by each side.

On July 25, 1935, fifteen years after the original action was filed, the consolidated cause was submitted and the court then rendered only a partial judgment by which it quieted defendants' title to the 170 acre tract of land claimed by them in their defensive pleadings, and which relief was sought by way of counterclaim made therein. As a result of that finding the court dismissed plaintiffs' petition insofar as they asserted therein title to any part of the land described in defendants' counter-claim—thereby granting complete relief to defendants by quieting their title to the lands described in their pleadings. The judgment, however, further said: "It not being shown by the record clearly to the Court that the plaintiffs are the owners of the land or any part thereof described in the petitions in these cases that question is not decided now, but as to any conflict between the land described in the petitions in these actions and the land described in the deed from Grannison Cornett to C. G. Bowman above referred to, (being the land described in the counterclaims, and the title to which the court quieted) it is ordered by the Court that the petitions herein be dismissed." From that judgment plaintiffs prosecute this appeal.

Appellees by motion here ask that the appeal be dismissed upon the ground that the judgment appealed from is not a final one, but we do not so conclude. It is true that all of the issues in the consolidated cause were not determined but expressly left open for future adjudication. However, insofar as defendants sought relief in quieting the title to the land described by them in their various answers, the judgment appealed from was and is a final one, and the motion to dismiss the appeal will have to be and it is overruled. So that, the only question for our determination is, whether or not the court properly adjudged defendants to be the owners of the 170 acre tract of land set up in their defensive pleadings, their title to which was quieted in them by the judgment complained of? We are, therefore, not concerned with the question of whether or not plaintiffs own the whole or any part of the land described by them in their various petitions and other pleadings, nor do we have the question as to whether any part of the tract of land, the title to which the court quieted in defend-

ants, overlaps any of the land claimed to be owned by plaintiffs, because if there be any such overlapping the judgment nevertheless quieted defendants' title to all of that tract including any conflict, if there be such.

Neither do we have any question as to whether defendants have actually trespassed upon any land owned by plaintiffs, and thereby damaged them, since no such questions were determined by the trial court, but all of which were reserved for future determination; and for which reason, we again repeat, the only question for our determination is, whether or not the judgment quieting defendants' title to the tract of land described in their pleadings, was supported by the testimony. That title is not sought to be established by record from the commonwealth but only by prescription, having been adversely held by defendants and their vendors for a period of from 50 to 70 years, according to the proof. The tract was bought by Bowman from an old colored man by the name of Grannison Cornett—the latter's deed being executed on September 25, 1903, and the proof is clear that Cornett had been in possession of it a great number of years prior thereto. Bowman immediately upon obtaining his deed enclosed the entire tract with a fence—portions of which are yet standing—and in most instances where it gave way substituted repairs were made; but whether or not that was done in each and every instance where a gap in the fence was made by decay is not so uncontradictorily established, yet the owners of the tract who were in actual possession of portions of it claimed to the line of the fence as constructed by Bowman in 1903 from thence forward. During all of that time title was claimed in the entire tract by each successive owner, and there can be no doubt but that the testimony establishes the necessary adverse possession in defendants, and those through whom they claim, to ripen title in them to that tract. The court, therefore, did not err in rendering the judgment appealed from—it leaving for future determination all of the other questions hereinbefore referred to affecting the rights of plaintiffs.

If the court should eventually determine such rights adversely to them upon the proof now in the record; or if it should permit other testimony to be taken by them and then render a similar judgment, their right to appeal therefrom will not be affected by the judgment

herein affirmed, except only to the extent of any conflict in the boundaries of the two described involved tracts. In that event the judgment appealed from deprives plaintiffs of the title to such conflict, if any, and likewise deprives them of the consequential right to recover damages for any trespasses committed on such conflict. Such deprivations, however, result solely from the fact that the title to the conflict, if any, has been taken away from them—conceding them to be the owners of their described tract—through adverse possession by defendants and those through whom they claim.

Wherefore, for the reasons stated, the judgment is affirmed.