**Walter R. WELLS et al., Appellants,**

v.

**CITY OF PIKEVILLE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

Baird & Hays, Pikeville, for appellants.

O. T. Hinton, Walter Reed Young, City Atty., Pikeville, for appellees.

STANLEY, Commissioner.

This is an action by property owners against the City of Pikeville and its Commissioners seeking (1) a mandatory injunction requiring the defendants to construct or reconstruct a sewer line that will adequately serve plaintiffs' property, and (2) damages to the property caused by frequent backflow of sewage into the basement of their home. The injunction was sought upon the ground that the defendants are maintaining a nuisance and to avoid a multiplicity of actions for damages for recurring backflow of sewage. The defendants resisted the injunction and set up their defenses to the action for damages.

After evidence for the plaintiffs on their motion for an injunction was heard by the court, the defendants stated they had "nothing to offer at the time except the motion to dismiss the motion for a mandatory injunction." The court rendered an opinion that the sewer system is not sufficient to carry off the surface waters during "reasonably heavy rains," and this has caused the backflow of sewage into the plaintiffs' home which was not only obnoxious but dangerous to the health of the occupants. However, the court was of opinion that constructing or reconstructing the sewer is a matter of legislative discretion and the courts may not interfere or control its exercise. Thereupon, an order overruled the motion for a mandatory injunction and dismissed the complaint insofar as plaintiffs sought that remedy. The court "reserved all further rulings on the question of damages."

This court overruled a motion to set aside the order of the circuit court denying the injunction. An appeal from that judgment has been prosecuted.

As the defendants expressly declined to introduce any evidence on the motion and plea for an injunction, the court finally decided that branch of the case on plaintiffs' evidence alone, but it was expressly upon a matter of law without regard to the merits of the case. Since the actions for damages and for injunctive relief were severable, the judgment refusing the injunction and dismissing the complaint to that extent was final and appealable. Lyttle v. Columbus Mining Co., 275 Ky. 145, 120 S.W.2d 1037.

We think the ends of justice will be better accomplished by reversing the judgment with directions to set it aside and decide the question of injunctive relief upon the whole case along with the disposition of the action for damages. All questions are reserved by this court.

Judgment reversed for proceedings consistent with this opinion.