TURNER CONSTRUCTION COMPANY et al., d/b/a Turner Construction Company, etc., Appellants,

v.

SMITH BROTHERS, Inc., and D. B. E. Garrett, Appellees.

Court of Appeals of Kentucky.

Sept. 21, 1956.

Rehearing Denied Dec. 14, 1956.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellants.

J. W. Clements, Davis M. Howerton, Jr., Stites, Wood, Helm & Peabody, Louisville, for appellees.

STEWART, Judge.

Appellee, D. B. E. Garrett, instituted this suit against appellants, alleging that while he was properly on the grounds of the General Electric plant in Louisville at the time appellants were engaged in the construction of the plant, he received personal injuries due to blasting done by them. Appellants filed a third-party complaint against Smith Brothers, Inc., on the basis that Section 6 of the contract between appellants, the general contractors for the construction of the General Electric plant and Smith Brothers, one of their subcontractors, required Smith Brothers to indemnify appellants against any loss that might be sustained by them.

The conclusion reached on this appeal makes it unnecessary to set forth the contract, because we are concerned only with the present appealability of the order of the lower court and not with the merits of the case.

On May 11, 1953, Carl Jenkins, who was an employee of Smith Brothers, set off a dynamite charge at the request of an employee of appellants. This charge was not set off to accomplish any of the duties of Smith Brothers under its contract with appellants, but was done for the benefit of the latter. Garrett claimed to have been injured by this blast.

The trial court sustained a motion for a summary judgment in favor of Smith Brothers on the theory that Jenkins had been "loaned" to appellants to perform a service exclusively for them, with the result that he was not an agent of Smith Brothers at the time Garrett was supposedly injured and with the further result that the indemnity agreement did not cover the act. Appellants are appealing from that summary judgment.

We conclude this Court has no jurisdiction to hear this appeal. The basis for this conclusion is CR 54.02, which reads:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may grant a final judgment upon one or more but less than all of the claims only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Adherence to this Rule includes the following: (1) The court must determine there is no just reason for delay in granting a final judgment; (2) the judgment must contain such determination; and (3) the judgment must recite that it is final. It is obvious that none of the requisite recitals was incorporated in the judgment before us. See Clay, CR 54.02, Comment 3.

CR 54.02 is patterned after and is in the almost identical language of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The latter Rule, as amended in 1946 to become effective in 1948, was construed in the recent case of Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S. Ct. 895, 899. The opinion of the Supreme Court of the United States there, commenting on the requirements that must be

included in the order to make it appealable, said: "It [the District Court] is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal. This arrangement already has lent welcome certainty to the appellate procedure. Its 'negative effect' has met with uniform approval. The effect so referred to is the rule's specific requirement that for 'one or more but less than all' multiple claims to become appealable, the District Court must make both 'an express determination that there is no just reason for delay' and 'an express direction for the entry of judgment.' A party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made."

For the reasons indicated we conclude the order entered was interlocutory with the result that this Court is without jurisdiction to entertain this appeal.

Wherefore, the appeal is dismissed.