Ellis **LINKOUS**, an Infant, by His Father, Next Friend, and Natural Guardian, James Linkous, Appellant,

v.

**J. S. DARCH**, Appellee,

and

Jerold **LINKOUS**, an Infant, by His Father, Next Friend, and Natural Guardian, James Linkous, Appellant,

v.

**J. S. DARCH**, Appellee.

Court of Appeals of Kentucky.

Feb. 15, 1957.

J. Douglas Graham, Campton, Beverly White, Winchester, for appellant.

Hunter M. Shumate, Irvine, Rose & Short, Beattyville, H. T. Lisle, Winchester, Edward Jackson, Beattyville, for appellee.

Joseph J. Leary, E. Gaines Davis, Jr., Smith Reed & Leary, Frankfort, amici curiae.

MONTGOMERY, Judge.

Ellis Linkous, Jerold Linkous, and Hobart Spaulding, in separate actions, sued Rex Center, Bertie Center, J. S. Darch, and Blue Grass Butane Company. Raymond Moore and George Stamper, in separate actions, sued the Centers and Inez May. The five actions sought recovery of damages for personal injuries suffered by the claimants in an explosion of liquified petroleum gas.

The jury found a verdict for Bertie Center and the butane company upon a consolidated trial in the Wolfe Circuit Court. The jurors were unable to agree on a verdict as to Rex Center and J. S. Darch. Inez May was a party in two of the ac-

tions because of an alleged fraudulent transfer of property. She was not involved in the cases insofar as liability for damages was concerned.

The cases were transferred by an agreed order to the Clark Circuit Court for trial. At a pre-trial conference on September 20, 1955, the issues to be tried were defined as to Rex Center. At that conference, it was stipulated that the plaintiffs based their claim against J. S. Darch, appellee herein, upon his alleged violation of a regulation of the Department of Insurance issued under authority of KRS 234.140.

Following this stipulation, appellee moved to reconsider his motion to dismiss the complaint as to him. The trial court entered the following order:

"* * * the motion of defendant Darch to dismiss the complaints of each of the plaintiffs as to him should be and each of said motions are hereby sustained and the complaint of each of the plaintiffs as to the defendant Darch are now and hereby dismissed."

Following the pre-trial conference, Ellis Linkous and Jerold Linkous filed notice of appeal and designation of record on appeal on October 11, 1955. The records in these two cases were filed with the Clerk of this Court on December 2, 1955. The cases were submitted on January 27, 1956. Darch is the sole appellee.

A consolidated trial of the five actions as to Rex Center was had on September 20-23, 1955. The jury, by a verdict, awarded aggregate damages of $73,000 in favor of the five claimants against Center. Judgments entered on this verdict were affirmed. See Center v. Linkous, and consolidated cases, Ky., 295 S.W.2d 567. Darch was not a party to that appeal.

After the verdict in the Center trial, further action on the Center branch of the cases was delayed, pending a ruling on a motion which was overruled on December 5, 1955. Center then filed notices of appeal on December 12, 1955, and January 3, 1956. His designation of record on appeal in each case was filed January 20, 1956. The records were filed with the Clerk of this Court on March 14, 1956. The cases were submitted on June 15, 1956, and the opinion was delivered on November 9, 1956.

Nothing in the records on the Center appeals indicated that any further action had been taken on the pre-trial order of dismissal as to Darch. The two records under consideration at present do not indicate what disposition was made of the cases as to Center. The steps taken in the two branches of the cases have been detailed in order that a better understanding may be had of this unique development. The relation of the appeals on the two branches of the cases was first noted upon a study of these records.

On this consolidated appeal, the validity of the Department of Insurance regulation is sought to be upheld. In our view, it is unnecessary to consider the argument presented by appellants.

The pre-trial conference order of dismissal is not an appealable order. The action was still pending against Center without a final adjudication at that time. The trial court failed to determine that there was no just reason for delay in granting final judgment. The order of dismissal contained no recital of such determination or that it was final. In the absence of such determination and such recitals in the order appealed from, this Court is without jurisdiction to hear this appeal. CR 54.02; Turner Construction Co. v. Smith Brothers, Inc., Ky., 295 S.W. 2d 569. See Derby Road Building Co., Inc., v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122.

The interpretation of the corresponding Federal rule is in accord. Fed.Rules Civ. Proc. rule 54(b), 28 U.S.C.A. Sears,

Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Scarf v. Trans World Airlines, Inc., 2 Cir., 233 F.2d 176; Roberts v. American Newspaper Guild, 88 U.S.App.D.C. 231, 188 F.2d 650; David v. District of Columbia, 88 U.S. App.D.C. 92, 187 F.2d 204.

The confusion arising from piecemeal appeals is made apparent by the records in this case. It could have been confounded more, however, if a third appeal had been sought from the judgment of the Wolfe Circuit Court in favor of Bertie Center and Blue Grass Butane Company.

The appeals are dismissed.