**DERBY ROAD BUILDING COMPANY,**
Inc., Appellant,

v.

**LOUISVILLE GAS & ELECTRIC COM-
PANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1957.

———◆———

Henry E. McElwain, Jr., Oldham Clarke, McElwain, Dinning, Clarke & Winstead, Boman L. Shamburger, Louisville, for appellant.

B. Hudson Milner, Gerald Kirven, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for Louisville Gas & Elect.

Stites, Wood, Helm & Peabody, Louisville, for Southern Bell T. & T. Co.

Charles W. Morris, Morris & Garlove, Louisville, for Louisville Water Co.

MONTGOMERY, Judge.

The Derby Road Building Company, Incorporated, appellant, filed an action against the Louisville Gas & Electric Company, Southern Bell Telephone & Telegraph Company, Louisville Water Company, appellees herein, and the Department of Highways of the Commonwealth of Kentucky and its Commissioner. Damages were sought in the sum of $117,258.68.

Appellant entered into a contract with the Department of Highways for the construction of a highway project in Jefferson County for the price of $484,048.03. The contract was executed on October 24, 1952. The work was to be commenced within ten days thereafter and completed not later than December 8, 1953.

At the time the contract was executed, the appellees had certain utility wires, lines, poles, and pipes lying on, under, or across the right of way required for the performance of appellant's contract. As the basis for its damage claim, appellant alleged that the Department of Highways failed in its duty to provide a clear and unobstructed right of way and that appellees failed in their duty to remove the utility installations upon order of the Department. It was alleged that these derelictions caused an interference in the performance of the contract by appellant. This delayed the completion of the project beyond the agreed date, thereby subjecting appellant to a penalty for liquidated damages and other damages in the total amount named.

Upon completion of the pleadings, certain discovery depositions were taken and an affidavit was filed. The three utility companies then filed a motion to dismiss the complaint. Upon hearing this motion, it was ordered that it be treated as a motion for summary judgment. The motion was sustained and the action was dismissed as to the utility companies. The present appeal is from the summary judgment.

The Department of Highways did not join in the motion for summary judgment. The action between appellant and the Department is still pending in the court below. The record does not disclose what, if any, action has since been taken in the lower court.

Various arguments are presented to show why the summary judgment decision is erroneous. Our conclusion makes it unnecessary to consider these contentions now.

In Turner Construction Co. v. Smith Brothers, Inc., Ky., 295 S.W.2d 569, an appeal from a summary judgment was considered in an action involving multiple claims. It was held that this Court had no jurisdiction to hear such an appeal in the absence of a determination by the trial court that there was no just reason for delay in granting a final judgment. The judgment appealed from must contain such determination and must recite that it is final. CR 54.02. An examination of the judgment herein appealed from discloses that no such determination was made and no such recitals are contained therein. For discussion of the similar Federal rule, see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. The dismissal of a suit as to one of several defendants is not an appealable order regardless of whether or not the alleged liability is joint or several, Minnesota Mining & Mfg. Co. v. Technical Tape Corp., 7 cir., 208 F. 2d 159, except by compliance with CR 54.-02. It is our conclusion that this Court does not have jurisdiction to consider the appeal. See also Linkous v. Darch, Ky., 299 S.W.2d 120.

In the event of an appeal from a final adjudication in the trial court, the parties involved may desire that the points raised herein be considered upon the briefs filed. Request for consideration in this manner may be made at the appropriate time.

The appeal is dismissed.