**Bertie CENTER, Appellant,**

**v.**

**AMERICAN HARDWARE MUTUAL IN-
SURANCE COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

Elwood Rosenbaum, Lexington, for appellant.

Beverly White, Winchester, J. Douglas Graham, Campton, Percy Brown, Jr., Ogden, Galphin & Abell, Louisville, for appellees.

MONTGOMERY, Judge.

An explosion of liquified petroleum gas injured five boys who recovered aggregate damages of $73,000. These judgments were affirmed. Center v. Linkous, Ky., 295 S.W. 2d 567. See also Linkous v. Darch, Ky., 299 S.W.2d 120. The facts preliminary to the instant action are set forth therein.

In this action, Bertie Center seeks to subject the land where the explosion occurred and the proceeds of various insurance policies to her claim against her husband, Rex Center. Her claim is based on an alleged lien against the property. In the same action, she seeks recovery against Ellis Linkous, et al., for damages for a wrongful attachment. On motion of Linkous, et al., the lower court dismissed her complaint for failure to state a cause of action. She appeals from this order. Rex Center and the American Hardware Mutual Insurance Company were not included in the motion to dismiss.

Linkous, et al., have moved to dismiss the appeal because the order from which the appeal is taken does not adjudicate all the claims presented by her complaint and does not contain the recitals required by CR 54.02.

The subject matter of the entire litigation at this stage is the disposition of certain assets which were claimed to have been owned by Rex Center. By appropriate motions, this action was consolidated with the five damage actions which are still pending on a question of fraudulent conveyance and a separate action brought by Ellis Linkous, individually, upon a nulla bona return on an execution. Bertie Center sought a judgment against Rex Center for $5,500, the American Hardware Mutual Insurance Company for $3,000, and

Ellis Linkous, et al., for $5,000. Ellis Linkous, et al., are seeking to subject the assets of Rex Center to their judgments. The insurance company is a stakeholder insofar as the insurance policy proceeds are concerned. Inez May is also concerned as the grantee under a transfer of the land by Rex and Bertie Center.

The appellant, in her complaint, sought to present three claims for relief against multiple parties. This action was consolidated with an action upon a nulla bona return on an execution and other actions involving an alleged fraudulent conveyance. All of these actions are concerned with the determination of the disposition of the property claimed to be Rex Center's. The order of dismissal in the action filed by Bertie Center disposed of only one claim for relief, leaving several others pending in this and the consolidated actions. No recital was in the order as provided in CR 54.02. Unless the order expressly incorporates the required recitals, the order is interlocutory if other claims are still pending. If interlocutory, such order is subject to revision at any time before the entry of judgment adjudicating all of the claims. Clay, CR 54.02, Comment 3, page 485. In the absence of such recitals, the appeal should be dismissed. Turner Construction Company v. Smith Brothers, Inc., Ky., 295 S.W.2d 569; Linkous v. Darch, Ky., 299 S.W.2d 120; Derby Road Building Company, Inc. v. Louisville Gas & Electric Company, Ky., 299 S.W.2d 122.

The appeal is dismissed.