James JESSUP, Appellant,

v.

Carma A. BARD, Appellee.

Court of Appeals of Kentucky.

June 13, 1958.

Alfred C. Ross, Greenville, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, W. D. Bratcher, Greenville, for appellee.

MONTGOMERY, Judge.

Virgil E. Bard filed this action against James Jessup seeking an injunction to prevent Jessup from obstructing a passway, to require him to remove the obstruction, and for damages resulting from the obstruction. Appellee Carma A. Bard, as the successor to Virgil E. Bard, now deceased, was granted a judgment awarding a permanent injunction and requiring appellant to remove the obstruction. The question of damages was expressly reserved in the judgment for further orders of the circuit court. Jessup has appealed from the judgment so rendered.

Appellee has moved to dismiss the appeal because the judgment does not fix the value of the amount or thing in controversy and because appellant has failed to comply with CR 54.02, in that the judgment does not contain a determination "that there is no just reason for delay" and a recitation "that the judgment is final".

It is concluded that the latter ground is decisive; therefore, the first basis of the motion is not considered.

The appellee presented "more than one claim for relief". She sought and obtained injunctive relief. She also sought relief in damages, which has been reserved for future adjudication. CR 54.02 provides that "the court may grant a final judgment upon one or more but less than all of the claims only upon a determination that there

is no just reason for delay" and that the judgment shall recite that it is final. In the absence of these recitations where multiple claims are presented for adjudication, the judgment is not final; hence, not appealable. Turner Construction Company v. Smith Brothers, Inc., Ky., 295 S.W.2d 569. Further consideration and discussion are contained in Linkous v. Darch, Ky., 299 S.W.2d 120; Derby Road Building Company, Inc., v. Louisville Gas & Electric Company, Ky., 299 S.W.2d 122; Center v. American Hardware Mutual Insurance Company, Ky., 303 S.W.2d 324; Cornett v. Wilder, Ky., 307 S.W.2d 752.

The case of Wells v. City of Pikeville, Ky., 285 S.W.2d 142, relied on by appellant, is distinguishable because no motion to dismiss the appeal was made there and the question was not presented. The other case relied on by appellant was decided prior to the adoption of the Rules of Civil Procedure.

The appeal is dismissed for the reason stated.