Freeda STEELY, as Administratrix of the
Estate of Joseph Steely, Deceased,
Appellant,

v.

Bill (W. N.) HANCOCK, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1958.

Earl Huddleston, Columbia, for appellant.

Hurt & Hutchison, Columbia, for appellee.

STEWART, Judge.

This litigation arose out of a collision between a truck owned and operated by defendant, Bill (W. N.) Hancock, and a passenger car owned and driven by plaintiff's decedent, Joseph Steely. There were no passengers in either vehicle. The accident occurred on a straight level stretch of highway some three miles east of Columbia in Adair County on Kentucky State Highway No. 206 in the late afternoon of September 17, 1956. Joseph Steely died as a result of injuries received in the wreck. His administratrix, Freeda Steely, sued for damages totaling $91,200. Hancock was also injured in the accident and in his answer counterclaimed for damages aggregating $6,355. We shall refer throughout to the parties as "plaintiff" and "defendant".

The trial judge, at the close of plaintiff's evidence, directed a verdict for defendant and the jury accordingly complied with this instruction. The judgment entered dismissed plaintiff's complaint, assessed all court costs against plaintiff, and continued the further consideration of defendant's counterclaim to some future term of the lower court for any action concerning it.

Plaintiff has appealed from the judgment entered. However, we conclude it is unnecessary to pass upon any of the grounds urged for reversal for the reason that the judgment on its face discloses this Court has no jurisdiction to entertain this appeal.

■ The judgment entered is not appealable in its present form because it left defendant's counterclaim open for adjudication at a later date, and, as a consequence, such a disposal of the case amounts to nothing more than an interlocutory order. Furthermore, since the trial court resolved only one of the two claims pending before it, as we have just noted, the judgment failed to contain recitals mandatorily required by CR 54.02

in order to invest this Court with jurisdiction over the cause.

The lower court may grant a final judgment "upon one or more but less than all of the claims" involved in a controversy, if it be set forth therein the court's "determination that there is no just reason for delay" in rendering it, and if it be recited therein that "the judgment is final". See Clay, CR 54.02 Comment 3.

It is apparent the judgment in this case failed to comply with the provisions of CR 54.02. It follows this Court is without authority to entertain this appeal. See Center v. American Hardware Mutual Insurance Co., Ky., 303 S.W.2d 324; Derby Road Building Co., Inc., v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122; Linkous v. Darch, Ky., 299 S.W.2d 120; Turner Construction Co. v. Smith Brothers, Inc., Ky., 295 S.W.2d 569.

Wherefore, the appeal is dismissed.