Mary Frances **MORIARTY**, Appellant,

v.

Michael J. **DOWLING** et al., Appellees.

Court of Appeals of Kentucky.

Nov. 14, 1958.

Davis & Vigor, A. W. Mann, Ashland, for appellant.

John L. Smith, Catlettsburg, P. H. Vincent, Ashland, for appellees.

STEWART, Judge.

The order appealed from in this case, among other things, required Mary Frances Moriarty, as executrix of the will of John H. Moriarty, to prepare and file with the Boyd Circuit Court, at not later than a date mentioned therein, an accurate and complete accounting of all her acts performed in a fiduciary capacity, including a statement of all monies received and disbursed during the period of time of the performance of her trust. Following this direction of the lower court this language appears in the order: " * * * the court reserves the right to determine to what extent, if any, the defendant may invade rents received and collected by her from the business real estate on Fifteenth Street and Sixteenth Street in the City of Ashland, Boyd County, Kentucky." Also, the order has this statement in it near its close: "The extent of the right of the defendant widow (Mary Frances Moriarty) to invade the rents is not now decided by this court and cannot be until a full report as above directed has been made."

The order entered is not appealable in its present form because it left one of the claims of the defendant widow, appellant herein, open for adjudication at a later date and, for this reason, the court's ruling is interlocutory in its effect. The lower court, however, could have granted a final judgment "upon one or more but less than all of the claims" involved in this controversy, if it had set forth in the order the "determination that there is no just reason for delay" in rendering it and if it had recited therein that "the judgment is final." See Clay, CR 54.02, Comment 3. The order failed to contain the recitals required by CR 54.02 so as to invest this Court with jurisdiction over the cause.

For the reasons shown this Court is without authority to entertain this appeal. See Center v. American Hardware Mutual Insurance Co., Ky., 303 S.W.2d 324; Derby Road Building Co., Inc. v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122; Linkous v. Darch, Ky., 299 S.W.2d 120; Turner Construction Co. v. Smith Brothers, Inc., Ky., 295 S.W.2d 569.

Wherefore, the appeal is dismissed.