Helen Woodward VANCE, Committee of Thelma King, Incompetent, Appellant,

v.

Alvin KING et al., Appellees.

Court of Appeals of Kentucky.

March 20, 1959.

**486**

Davis Williams, Munfordville, for appellant.

Terry L. Hatchett, Glasgow, H. H. Wilson, Munfordville, for appellees.

CULLEN, Commissioner.

Helen Woodward Vance, as committee for Thelma King, incompetent, brought action against Alvin King, former committee for Thelma, and the United States Fidelity and Guaranty Company, as surety on his bond, seeking to surcharge his accounts as committee and to recover approximately $4,000 alleged to have been unlawfully expended by him out of the funds of the incompetent's estate. On October 26, 1957, the court entered an order dismissing the complaint as to the surety, but holding that the complaint stated a claim for relief as against Alvin King, and continuing the action against him. The plaintiff filed notice of appeal from that order, and is attempting here to prosecute that appeal.

On December 5, 1957, the plaintiff tendered an amended complaint against both Alvin King and the surety, and moved for leave to file it. On December 7 the court overruled this motion as concerned the surety, but sustained it as to Alvin King. The plaintiff then filed a notice of appeal from that order, and seeks to prosecute that appeal along with the appeal from the order of October 26.

The case involves a number of interesting questions, such as: (1) May the circuit court, in the absence of any objection by the defendants, entertain an action to surcharge a settlement when the plaintiff previously has filed exceptions to the settlement in the county court and the county court has not yet ruled on the exceptions; (2) when a person who has filed exceptions to a settlement in the county court does not insist upon a ruling on the exceptions, but instead commences an action in the circuit court to surcharge the settlement, and

the circuit court entertains the action without objection, may the county court thereafter proceed to rule upon the exceptions and enter an order as to the liability of the committee and his surety, such as will be binding in the circuit court action; and (3) when a committee pays out funds of the incompetent's estate pursuant to a valid judgment against the estate, but the nature of the obligation upon which the judgment was based is such that the committee, because of his personal relationship to the incompetent, may have an individual obligation to reimburse the estate for the funds paid out, can his surety be held responsible for the fulfillment of this individual obligation? However, we are precluded from considering these questions because we do not have a valid appeal before us.

■ This action being one in which more than one claim for relief is presented (i. e., a claim against Alvin King and a claim against his surety), the provisions of CR 54.02 are applicable. Under this rule, an order adjudicating less than all the claims in an action is merely interlocutory, unless the order recites that there is no just reason for delay and that the order is final as to the particular claim adjudicated. See Linkous v. Darch, Ky., 299 S.W. 2d 120; Center v. American Hardware Mut. Ins. Co., Ky., 303 S.W.2d 324. The order of October 26 cannot be considered a final order because there is no recitation in the order that it is final or that there is no just reason for delay. The order of December 7 does recite that it is final, but it does not recite that there is no just reason for delay. Furthermore, despite the recitation of finality, the order of December 7, which merely overruled a motion for leave to file an amended complaint, could not be an appealable order. Poor v. New South Brewery & Ice Co., 112 S.W. 618, 33 Ky.Law Rep. 1088.

The purported appeals having been taken from orders that are not final, they must be and they are dismissed.