Denver Clay MARR and Helen D. Marr, Appellants,

v.

FALLS CITY STONE COMPANY, Appellee.

Edna O. SILLIMAN, Appellant,

v.

FALLS CITY STONE COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 6, 1959.

———————◆———————

J. W. Jones, Louisville, for appellant.

B. L. Shamburger, Louisville, for appellee.

STEWART, Judge.

This is an appeal from an order entered in the above-styled actions dismissing each of them, without prejudice, as to Falls City Stone Company, on the basis of an alleged misjoinder of parties defendant. See CR 21.

On May 6, 1955, Denver Clay Marr and Helen D. Marr, appellants herein, filed this suit against Falls City Stone Company, appellee herein, and R. B. Tyler Company, demanding a joint verdict against them on the ground that they were acting in concert in creating and maintaining an alleged nuisance. On the same day, Edna O. Silliman, appellant herein, filed a similar suit against these same defendants. These cases were later consolidated for trial only. The owner of the property on which defendants operated their enterprise, Clara E. Waterbury, was also made a party defendant in both actions, but was later dismissed as a party.

On September 30, 1957, appellants amended their complaints, alleging the creation and operation of separate nuisances by R. B. Tyler Company and by appellee. Appellee, however, entered a motion to dismiss these suits on October 18, 1957, for the reason heretofore indicated, relying upon CR 21. On January 4, 1958, the trial court disposed of this motion by the order involved in this appeal. The record does not reveal what subsequent action has taken place in circuit court as to the claims asserted by appellants against R. B. Tyler Company,

and we must therefore assume these claims have not been litigated.

■ The order entered is not appealable in its present form because it left one of the claims of appellants, in each action, open for adjudication at a later date and, for this reason, the court's ruling is interlocutory in its effect. The lower court, however, could have granted a final judgment "upon one or more but less than all of the claims" involved in this controversy, if it had set forth in the order the "determination that there is no just reason for delay" in rendering it and if it had recited therein that "the judgment is final." See Clay, CR 54.02, Comment 3. The order failed to contain the recitals required by CR 54.02 so as to invest this Court with jurisdiction over this cause.

For the reasons shown this Court is without authority to entertain this appeal. See Center v. American Hardware Mutual Insurance Co., Ky., 303 S.W.2d 324; Derby Road Building Co., Inc. v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122; Linkous v. Darch, Ky., 299 S.W.2d 120; Turner Construction Co. v. Smith Brothers, Inc., Ky., 295 S.W.2d 569.

Wherefore, the appeal is dismissed.