**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Alvi S. DOCKERY and Clara K. Dockery, wife, Appellees.**

Court of Appeals of Kentucky.

June 10, 1966.

Rehearing Denied Oct. 21, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Department of Highways, Frankfort, Tildon H. McMasters, Dept. of Highways, Elizabethtown, for appellant.

James T. Robertson, Louisville, James N. Scudder, Elizabethtown, for appellees.

CULLEN, Commissioner.

The judgment here on appeal does not dispose of all of the claims in the action, and it does not recite that it is final and that there is no just reason for delay. Therefore, under CR 54.02, it is not a final judgment and is not appealable.

The proceedings originated with a claim filed with the Kentucky Board of Claims by the appellees, Alvi Dockery and wife, against the Commonwealth of Kentucky,

Department of Highways, seeking recovery for water damage to the Dockerys' motel property alleged to have been caused by negligence of the Highway Department in connection with the drainage aspects of a road construction project. After a thorough hearing the Board of Claims dismissed the claim, finding no negligence, but in its order the board said:

"* * * it does appear that the plaintiff's claim, if he has any, is for the taking of their property by the alleged diversion of surplus water. The jurisdiction for such a claim is in the appropriate Circuit Court and not before this Board."

The claimants appealed to the circuit court from the order dismissing their claim, and proceeded to file in the circuit court a somewhat unusual document styled "COMPLAINT ON APPEAL FROM OPINION AND ORDER * * * OF THE BOARD OF CLAIMS * * * AND COMPLAINT OF CONDEMNATION (IN REVERSE)". The first portion of this document constituted a statement of appeal from the order of the Board of Claims. The second portion undertook to allege a claim for damages on the "reverse condemnation" theory. The prayer of this document asked (1) that an order of remand be entered directing the Board of Claims to enter an award in the amount of $10,000 (the maximum allowable by the board under KRS 44.070); and (2) that the circuit court proceed with the "reverse condemnation" claim to an ultimate allowance of damages in the amount of $43,000, from which would be deducted the amount awarded by the Board of Claims.

The Department of Highways filed a memorandum in the circuit court protesting the assertion of the "reverse condemnation" claim in combination with the appeal from the Board of Claims (the memorandum also suggested that the claim was barred by the doctrine of election of remedies). The department moved for a hearing on the points raised in the memorandum. Also, the department moved that the claimant be required to "separate its appeal from the Kentucky Board of Claims and its Complaint in reverse condemnation, and make them two independent actions." The circuit court did not rule on these motions, but proceeded to conduct a hearing on the merits of the appeal from the Board of Claims and then entered the following judgment:

"It is therefore, ordered and adjudged that the award of the Full Board be reversed, and that the case be remanded to the Full Board to assess damages, because the said motel has been destroyed because of said blockage of the drainage."

This is the judgment which is now here on appeal.

The separate claim for "reverse condemnation" remains undisposed of in the circuit court. It holds the potential of raising several serious questions and we cannot ignore its existence as being of no consequence. While the Department of Highways argues that such a claim could not properly, from a procedural or jurisdictional standpoint, be combined with an appeal proceeding, the fact is that the claimant did so combine it and the circuit court has not said yea or nay. Likewise, the circuit court has not ruled on the question of whether the claimants, by having sought a remedy before the Board of Claims, are barred from pursuing the "reverse condemnation" claim in the circuit court. The answer to this question conceivably could be influenced by the consideration of whether negligence is the basis of both claims. The same consideration might influence the answer to the question of whether the ultimate determination of liability or no liability in the Board of Claims proceeding will control the matter of liability on the "reverse condemnation" claim, if the merits of the latter claim eventually should be reached.

The judgment here on appeal is not final. While under CR 54.02 the circuit court

could upon remand of the case declare it to be final and make a determination that there is no just reason for delay, we think this case most appropriately calls for a final disposition of all the claims before appeal is taken.

The appeal is dismissed.