**Winifred W. HARRIS, Petitioner,**

v.

**Honorable Thomas A. BALLANTINE, Jr., Judge, Jefferson Circuit Court, etc., Respondent.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Gilbert A. Brutscher, Louisville, for appellant.

Thomas A. Ballantine, Jr., pro se, for appellee.

WADDILL, Commissioner.

Petitioner, in effect, seeks an order from this court preventing the collection of a judgment entered against her upon a supersedeas bond she had executed as surety on the attempted appeal of an order entered in the case of Edward J. Miller & Son, Inc. v. George K. Harris, pending in the Jefferson Circuit Court. We conclude that the judgment should not have been entered against her since it is based upon a clerical misprision appearing in the mandate issued by this court dismissing the abortive appeal of the order entered in Miller v. Harris.

Originally this litigation was instituted by Edward J. Miller & Son, Inc., hereinafter called Miller, against George Harris for money allegedly due it and Harris filed a counterclaim. After all the evidence for Miller and some for Harris had been presented on Miller's claim, the respondent, Thomas A. Ballantine, Judge of the Jeffer-

son Circuit Court, entered an order awarding Miller $9,238.43, and stated that he would hear the evidence of Harris at a later date. Harris attempted to appeal from this order and petitioner signed a supersedeas bond as surety for him.

Inasmuch as there had been no disposition of Harris' counterclaim nor a recitation of finality under CR 54.02, this court held that the order awarding Miller damages was interlocutory and dismissed the attempted appeal for lack of jurisdiction. Steely v. Hancock, Ky., 317 S.W.2d 171. Subsequently the clerk of this court issued a mandate which improperly awarded Miller 10% damages on the supersedeas bond. Respondent thereupon entered a judgment authorizing Miller to collect $9,238.43 from Harris and the petitioner as well as 10% damages on the supersedeas bond. However, Harris was granted additional time to present evidence on his counterclaim.

Although KRS 21.130 grants 10% damages on the affirmance or dismissal of an appeal, we have held that a supersedeas bond posted on an attempted appeal of an interlocutory order is void because this court has no jurisdiction of the attempted appeal. Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836. Hence, the bond executed by Harris and which petitioner signed as surety is void and the mandate of this court should not have granted damages upon it. Therefore, we are recalling the mandate so it may be corrected to merely dismiss the attempted appeal. R.C.A–1.340.

Since we are correcting the mandate the respondent will correct the circuit court judgment so that no liability will be imposed upon petitioner as surety on the void supersedeas bond.

Although petitioner has labeled her proceeding in this court as one seeking relief by prohibition, we are granting her relief by an order of mandamus since it is the appropriate remedy to rectify the errors which appear in this case.

Wherefore the clerk of this court is directed to recall the mandate issued in the case of Harris v. Miller (our docket #F 43–65) and issue a new one in accordance with the directions in this opinion; respondent is directed to enter an order relieving petitioner of liability on the supersedeas bond she signed as surety.

All concur.