Frank **BOHANAN** and Texas Oklahoma Express, Inc., a Corporation, Plaintiffs,

v.

The **ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY**, a Corporation, and Thomas Concrete Products Co., a Corporation, Defendants.

Civ. No. 68–152.

United States District Court W. D. Oklahoma.

Aug. 12, 1968.

Ed Abel, of Lampkin & Wolfe, Oklahoma City, Okl., for plaintiffs.

W. R. Wallace, Jr., of Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, Okl., for defendant Atchison T. & S. F. Ry. Co.

Ben A. Goff, Oklahoma City, Okl., for defendant Thomas Concrete Products Co.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the Plaintiffs' Motion to Remand this case to State Court and a Motion to Dismiss filed by the Defendant Thomas Concrete Products Company (Concrete Products Company).

Plaintiffs' Motion to Remand must be sustained.

■ First, because removal to this Court was out of time, 28 United States Code, § 1446. More than the prescribed thirty days expired before removal was effected to this Court by the Defendant, Atchison, Topeka and Santa Fe Railway Company (Railway Company). The claim of the Defendant Railway Company that it did not learn of the removability of the case until the deposition of the President of their co-defendant Concrete Products Company is without validity. Removability herein is based on the alleged fraudulent joinder of the Defendant Concrete Products Company, fraudulent because the acts of negligence against the Defendant Concrete Products Company constituted a "mere condition" and are not a proximate cause of the collision. If this assertion of fraudulent joinder will support removability, it was or should have been apparent from an examination of the Plaintiffs' Petition. The Petition reveals that the collision was between Plaintiffs' vehicle and a train of the Defendant Railway Company. The allegations of negligence against the Defendant Concrete Products Company were that it stacked its products near the crossing involved, (specifying the location of such stacks by distance in feet from the crossing itself) obstructing vision and failed to warn motorists thereof. The position of the Defendant Railway Company that the Petition did not state whether said products were stacked on the property of the Defendant Concrete Products Company or on Defendant Railway Company property or on the public highway and that they did not learn that said products were stacked on property of the Defendant Concrete Products Company until the deposition of its President was taken, is without merit as this knowledge is of no consequence. Many cases finding "mere condition" and not proximate cause involve wrongful acts by the one creating a "mere condition." Proper and lawful acts are not an essential element before a "mere condition" can be found to exist. For example, one who parks in a no parking zone in violation of a City Ordinance creates a "mere condition" and such violation is not a proximate cause of an accident between two other vehicles in the area of the parking violation. Pepsi-Cola Bottling Co. of Tulsa, Oklahoma, Inc. v. Von Brady, 386 P.2d 993 (Okl. 1963). And one who stops a vehicle on an overpass and obstructs same in violation of State Statute which causes a following motorist to stop, and he is struck by another car creates a "mere condition" and such violation is not a proximate cause of the motorist's injury. Beesley v. United States, 364 F.2d 194 (Tenth Cir. 1966). See also City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189 (1938). Thus, from an examination of Plaintiffs' Petition, and a knowledge of the law pertaining to the "mere condition" doctrine, the Defendant Railway Company should have removed within the applicable thirty day period prescribed by 28 United States Code, § 1446, and the knowledge acquired by the deposition of the President of the Defendant Concrete Products Company is of no consequence on the question of removability.

■ Secondly, if removal was timely accomplished, the Court is not satisfied that the Defendant Concrete Products Company can be summarily eliminated from the litigation. If the joinder of a Defendant is fraudulent under removal law, the Court in addition to finding a fraudulent joinder must have the ability to then summarily eliminate the fraudulently joined Defendant from the litigation. This is to say, that a Motion to Dismiss filed by or against said Defendant can be sustained by the Court. Under Rule 12, Federal Rules of Civil Procedure, in order to grant a Motion to Dismiss there must be a failure to state

a claim upon which relief can be granted. When connected with a removal question it has been held that upon a claim of the fraudulent joinder of a Defendant the elimination of said Defendant from the litigation must be capable of accomplishment by summary disposition. Dodd v. Fawcett Pub. Co., 329 F.2d 82 (Tenth Cir. 1964). It has also been stated that the joinder of a resident Defendant may be deemed fraudulent for purposes of removal if the Plaintiff fails to state a cause of action against the resident Defendant and the lack of a cause of action is obvious according to the settled decisions of laws of the State. Dyer v. Burns, 257 F.Supp. 268 (W.D.Okl.1966).

The Court is aware of no case in which a Defendant has been eliminated from a case under the "mere condition" doctrine except after the evidence is in. An invitation to the parties herein to produce a case short of this point or by summary disposition has brought no results. It thus appears that the ordinary procedure in this situation is to receive all the evidence and then a Defendant's involvement in the occurrence may be found to constitute a "mere condition" and not a proximate cause as a matter of law. Such Defendant is then eliminated from the litigation by the Court and the jury does not receive the case against such Defendant.

The requirement of summary disposition clearly means that the Court should not pre-try the case. Dodd v. Fawcett Pub. Co., supra. The Court has mentioned summary disposition by a Motion to Dismiss. This is the ordinary and preferred method to accomplish summary disposition. Under such a Motion, if the Plaintiff has failed to state a claim upon which relief can be granted and this is apparent from the Plaintiffs' effort to state a cause of action in his complaint and the law of the State, the Motion can be granted without doubt or difficulty. The Court would not, however, rule out summary judgment as a method to accomplish summary disposition or even an evidentiary hearing if it promised to determine conclusively that the Plaintiff has no cause of action against the resident Defendant under the settled decisions or laws of the state involved. But in this case, influenced somewhat by the problem of untimely removal, the Court in its discretion declines to proceed further to hear from both sides to determine if the Plaintiff has a valid cause of action under Oklahoma law against the Defendant Concrete Products Company.

Because removal was not timely and the basis of the alleged fraudulent joinder of the Defendant Concrete Products Company is not deemed capable of summary disposition in this case, either or both, the Plaintiffs' Motion to Remand must be sustained. The case is ordered remanded to the State Court from which it was removed. The Clerk will take the necessary steps to effectuate this order.

In view of the foregoing, the Court refers the Motion to Dismiss filed herein by the Defendant Thomas Concrete Products Company to the State Court for disposition.