Edna SAYLOR, Administratrix of the Estate of John M. Saylor, Deceased, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 75-126.

United States District Court, E. D. Kentucky, London Division.

July 27, 1976.

Gerald Greene, Farmer Helton, Pineville, Ky., for plaintiff.

Grant F. Knuckles, James S. Wilson, Pineville, Ky., for defendant.

## MEMORANDUM OPINION

SILER, District Judge.

This action is presently before the Court to consider the plaintiff's motion to remand it to the Bell Circuit Court. Jurisdiction is predicated upon 28 U.S.C. § 1332, diversity of citizenship.

Originally instituted in the Bell Circuit Court in Kentucky, this is a suit for products liability brought by the plaintiff as administratrix of the estate of her husband against the defendant, General Motors Corporation (GMC), a Delaware corporation, and the defendant Epps Chevrolet Company, a Kentucky corporation, alleging that the deceased died as a consequence of a defective truck manufactured by GMC and sold by Epps Chevrolet Company.

When this action was initiated, it was not an action wholly between citizens of different states, since both the plaintiff and Epps Chevrolet Company were citizens of Kentucky. During the pendency of the state court action, the resident defendant, Epps Chevrolet Company, on its motion, was granted a summary judgment on March 19, 1975. Thereafter, on April 1, 1975, GMC filed a petition for removal to this Court pursuant to 28 U.S.C. § 1446(b). Plaintiff contends that the action was improperly removed and that it should be remanded to the Bell Circuit Court. For reasons which follow, the Court agrees with plaintiff's position.

Under 28 U.S.C. § 1446(e), upon the filing of the removal petition and the posting of a bond, all action in the state court proceedings shall abate unless and until the case is remanded from the district court. The consequence of GMC's action was to halt all further proceedings in the state court, including the trial on the matter scheduled for April 17, 1975, as well as to prevent plaintiff from securing review of the dismissal order.

Plaintiff contends that removal is impermissible absent a voluntary dismissal as to the resident defendant. Under the authority of *American Car and Foundry Company v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915), this was the correct interpretation given 28 U.S.C. § 1446(b). However, the statute was amended in 1949 to cover situations in which an action not initially removable later became removable, and the following paragraph was added:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty[1] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1]. In 1965, Pub.L. 89–215 substituted "thirty days" for "twenty days" wherever appearing in the 1949 amendment.

With the addition of the foregoing paragraph, there has been some reasonable speculation as to the continued viability of the voluntary-involuntary rule of removability. In *Lyon v. Illinois Central R. R.*, 228 F.Supp. 810 (S.D.Miss.1964), it was held that removal was permissible even where the basis for the removal was a state court's order of dismissal over the strenuous objections of the plaintiff. The Court stated at 811:

> There is nothing in this statute [28 U.S.C. § 1446(b) ] from which it can be properly inferred that Congress intended that a removal could be effected only in the event the plaintiff voluntarily did something which removed the local defendant from the case.

However, the overwhelming majority of discussions have held that the 1949 amendment to 28 U.S.C. § 1446(b) did not abolish the voluntary-involuntary rule and that:

> If, though, apart from fraudulent joinder, plaintiff states a non-removable case in his initial complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff.

1A Moore's Federal Practice ¶ 0.168 [3.–5] at 487 (2d ed. 1974). See *Warren Bros. Co. v. Community Building Corp.*, 386 F.Supp. 656 (M.D.N.C.1974). As a matter of fact, when the amendment was passed in 1949, it was stated in Congress that it was "declaratory of the existing rule laid down by the decisions." 2 U.S.Code Cong.Serv. p. 1268, 81 Cong., 1st Sess. (1949). See *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967). Since the Court finds that the better view supports the voluntary-involuntary analysis, it needs only to determine whether the manner in which the resident defendant was dismissed may be construed as a voluntary act by the plaintiff.

It is the defendant's contention that the state court's order of dismissal incorporating so much of plaintiff's remarks to the effect that "the attorneys for plaintiffs stating to the court that they could not resist the motion seriously" is such an order from which it may be ascertained that the case is one which is or has become removable. The Court cannot agree, however, that such an order entered on the resident defendant's motion constitutes a sufficiently voluntary act by the plaintiff to make the cause removable. On the contrary, it was the voluntary action of the resident defendant rather than an act of the plaintiff which is now relied upon as grounds sufficient to justify removal.

The rationale and meritorious purpose of the voluntary-involuntary test is the prevention of premature removals in cases where the issue of the resident defendant's dismissal has not been finally determined in the state court. See *Weems v. Louis Dreyfus Corp.*, supra ; *Ennis v. Queen Ins. Co.*, 364 F.Supp. 964 (W.D.Tenn.1973). In the action *sub judice*, the order entered March 19, 1976, dismissing the resident defendant was interlocutory in nature and could not be appealed before a final disposition as to all of plaintiff's claims. Rule 54.02, Kentucky R.Civ.P.; See *Vance v. King*, 322 S.W.2d 485 (Ky.1959); *Linkous v. Darch*, 299 S.W.2d 120 (Ky.1957); *cf. Commonwealth v. Dockery*, 406 S.W.2d 392 (Ky. 1962). It cannot be said that the plaintiff would not have appealed from the order of dismissal. Therefore, the petition for removal was prematurely filed since there had been no final elimination of the resident defendant in the state court. See *Ennis v. Queen Ins. Co.*, *supra.*

The defendant's second contention in its excellent brief in opposing remand is that plaintiff's initial action against the resident defendants constituted collusive joinder and for that reason the case is properly removed to federal court. In determining whether there has been collusive joinder, it was said in *Continental Oil Co. v. PPG Industries, Inc.*, 355 F.Supp. 1183, 1186 (S.D. Tex.1973):

> [T]he test is not whether the defendants were added to defeat removal but whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved on defendants.

*Cf. Ennis v. Queen Ins. Co., supra; Bohanan v. Atchison Topeka and Santa Fe Ry.,* 289 F.Supp. 490 (W.D.Okl.1968).

■■■ It is apparent from an examination of Kentucky law that there is a reasonable basis for predicting that the plaintiff may have recovered against the resident defendant on a theory of implied warranty or strict liability. See *Jones v. Hutchinson Mfg., Inc.,* 502 S.W.2d 66 (Ky.1973); *Belcher v. Hamilton,* 475 S.W.2d 483 (Ky.1972). Therefore, the joinder of the resident defendant is not found to be collusive. A claim of fraudulent joinder must be pleaded with particularity and supported by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). The Court does not find that the plaintiff joined the resident defendant in bad faith for the sole purpose of preventing removal. As stated in *Walsh v. American Airlines, Inc.,* 264 F.Supp. 514, 515 (E.D.Ky.1967):

> It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution. This court has a responsibility to accept jurisdiction in all proper cases. It has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

An order will be entered granting plaintiff's motion to remand to the Bell Circuit Court.