**Marion MELONE, Committee for the Estate of Gladys Melone, Incompetent, Appellant,**

v.

**James MORGAN and Dorothy Morgan, Appellees.**

Court of Appeals of Kentucky.

Oct. 5, 1984.

Freeda M. Steinberg, Louisville, for appellant.

George R. Rawlings, Henry V. Sanders, Louisville, for appellees.

Before COMBS, DUNN and WHITE, JJ.

COMBS, Judge.

In this proceeding appellant seeks to set aside a summary judgment of the Jefferson Circuit Court dismissing his complaint with prejudice.

Appellant is the brother of and committee for his sister, Gladys Melone, a 61-year old incompetent who has a mental age of six years. The incompetent is rather short and quite obese, weighing approximately 300 pounds. The incompetent lived with appellant and his wife, who looked after and cared for her. Appellant's wife became ill and was hospitalized. Another sister, appellee Dorothy Morgan and her husband, James Morgan, volunteered to care for Gladys at their home while appellant visited his wife in the hospital. A day or so after arriving at appellees' home, Gladys fell in a dimly lit portion of the Morgan home and broke her leg. She was taken to St. Anthony's Hospital in Louisville, which is owned and operated by St. Francis Health Services, Inc., an Indiana

corporation licensed to do business within this state. While a patient at St. Anthony's Hospital, she was allegedly dropped to the floor which further injured her leg.

On June 19, 1981, appellant herein filed two separate actions in the Jefferson Circuit Court, one against the appellees herein and one against the Sisters of St. Francis Health Services. The St. Francis Health Services' suit was filed first, and the instant action was filed simultaneously and bore the succeeding number. Appellant filed a motion to consolidate both actions, and thereafter an order of consolidation was entered. Subsequent thereto, the hospital moved for severance or, alternatively, a separate trial. On August 13th appellees filed a cross claim against the hospital seeking indemnity and/or contribution. On October 18th an order was entered denying the hospital's motion for severance on the ground that they involved common issues of law as to liability and that, if liability should be established against both, it would best be determined in a joint action. On March 22, 1983, appellees filed motion for summary judgment which was sustained on May 13th ordering the complaint to be dismissed with prejudice. On July 1, 1983, the hospital filed a motion to dismiss the cross claim as moot, which motion was sustained by order entered on July 11th dismissing same with prejudice. No appeal was taken from that order.

Neither the summary judgment dismissing the complaint nor the subsequent order dismissing the cross claim complied with the requirements of CR 54.02. CR 54.01 defines an appealable judgment as "a final order adjudicating all the rights of a party in an action or proceeding, or a judgment made final under Rule 54.02 ...." The pertinent portion of CR 54.02(1) is as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third party claim or when multiple parties are involved, the court may grant a final judgment to one or more but less than one of the claims only upon a deter-

mination that there is no just reason for delay. *The judgment shall recite* such a determination *and shall recite the judgment is final. In the absence of such recital,* any order or other form of decision, however designated, *which adjudicates less than all the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is interlocutory and subject to revision at any time. (Emphasis added).

The issue before the court is whether an action that has been consolidated with another and adjudicated separately without CR 54.02 recitations is a final and appealable judgment.

In *Center v. American Hardware Mutual Insurance Company,* Ky., 303 S.W.2d 324 (1957), and *Marr v. Falls City Stone Company,* Ky., 329 S.W.2d 71 (1959), the then Court of Appeals dismissed actions which had been consolidated in the trial court. However, these appeals would have been dismissed without the consolidation. For guidance in this case where the action would be final and appealable but for the consolidation, we look to federal courts whose rule *Fed.R.Civ.P.* 54(b) is similar and would have the same effect as our rule CR 54.02.

The federal courts of appeals are split in the manner in which they resolve this issue. *Ringwald v. Harris,* 675 F.2d 768, 770 (5th Cir.1982). The Fifth Circuit in *Ringwald* looked to the nature of the consolidation to determine whether the Rule 54 recitations were necessary. We find the rationale of *Ringwald* persuasive.

CR 42.01 governs the consolidation of civil actions. Under that rule the actions may be consolidated for a specific purpose such as trial, or they may be consolidated generally. When the actions are consolidated for a specific purpose, the actions remain otherwise independent. When they are consolidated generally, they have become one action.

In the case before us, the order consolidating the appellant's actions does not consolidate the actions for trial or other

purpose, but merely orders the actions consolidated. The order dismissing appellant's complaint would have to include CR 54.02 recitations to be a final and appealable judgment.

Therefore, the appeal is dismissed.

All concur.